**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

|  |  |  |
|---|---|---|
| DONALD FRANK SMITH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| Warden WILLIAM C. DANFORTH, | : | NO. 7:12-CV-23 (HL) |
| *et al.*, | : | |
| | : | |
| Defendants. | : | **ORDER & RECOMMENDATION** |

Plaintiff **DONALD FRANK SMITH**, an inmate at Autry State Prison ("ASP"), originally filed this *pro se* civil rights complaint in the Northern District of Georgia.  On January 9, 2012, United States Magistrate Judge E. Clayton Scofield III recommended that: (1) Brian Owens, Commissioner of the Georgia Department of Corrections, who works in the Northern District, be dismissed as a Defendant in this action; (2) this case be transferred to the Middle District of Georgia because the remaining Defendants, seven employees at Valdosta State Prison ("VSP"), are all located in the Middle District; and (3) Plaintiff's motion to proceed *in forma pauperis* be granted solely for the purpose of dismissing Owens and transferring the case (Doc. 4).  District Judge Clarence Cooper adopted the recommendation on February 1, 2012 (Doc. 5).

Based on Plaintiff's submissions, Plaintiff's motion to proceed *in forma pauperis*, as it relates to the VSP Defendants, is hereby **GRANTED**.[1]  The Court hereby waives the initial partial

---

[1]  As noted in Magistrate Judge Schofield's recommendation, Plaintiff has incurred two strikes under 28 U.S.C. § 1915(g).  ***Smith v. Sizzer***, 1:07-cv-2201-CC (N.D. Ga. Sept. 7, 2007) and ***Smith v. Donald***, 1:08-cv-1234-CC (N.D. Ga. Mar. 26, 2008).

filing fee pursuant to 28 U.S.C. § 1915(b)(1).  Plaintiff is nevertheless obligated to pay the entire

$350.00 filing fee, as is discussed below.  The Clerk of Court is directed to send a copy of this Order

to the business manager of ASP.

## I.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening

of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of

a governmental entity."  Section 1915A(b) requires a federal court to dismiss a prisoner complaint

that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2)

"seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual

allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v.***

***Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not

include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . .

claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-

56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the

speculative level," and that the complaint "must contain something more . . . than … a statement of

facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations

and citations omitted); ***see also Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that

"threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed

as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II.  BACKGROUND

Plaintiff's lawsuit relates to events that occurred during his previous confinement at Valdosta State Prison. Plaintiff names the following VSP officials as Defendants: (1) Warden William C. Danforth; (2) Deputy Warden Ted Philbin; (3) Unit Manager Tony Morris; (4) Chief Counselor Art Singleton; (5) Sergeant Henderson; (6) Officer Howard Kelly; and (7) Lieutenant S. Foster.

According to Plaintiff, on November 27, 2010, fellow inmate Steve Hall attacked Plaintiff with a long-handled scrub brush and inflicted an eight-inch gash in Plaintiff's head. Plaintiff alleges that immediately following the assault, Defendants Kelly and Foster conducted a "short

investigation" and took Plaintiff to the VSP infirmary.  Plaintiff was then transported to a hospital, where he received a "large amount of stitches."  Upon Plaintiff's return from the hospital, Defendant Sergeant Henderson allegedly ignored the advice of the hospital doctor that Plaintiff be placed under supervision in the VSP infirmary.  Instead, with a "malicious intent to cause actual pain and suffering," Henderson placed Plaintiff in the "hole."  Plaintiff claims that while in the hole, he suffered extreme physical and mental pain, including blackouts and dizziness.

Plaintiff was convicted of "unauthorized absence" and lying at a December 6, 2010 disciplinary hearing.  Plaintiff contends that both his disciplinary conviction and subsequent sentence of 115 days in the hole violated his due process rights.  Specifically, Plaintiff asserts that he was deprived of a hearing "within 72 hours as provided under the due process clause and the State of Georgia S.O.P. of the Department of Corrections"; that he was denied his right to call witnesses; and that his conviction was based upon a lack of evidence.  Although Plaintiff alleges that Defendants Warden Danforth and Deputy Warden Philbin denied Plaintiff's subsequent grievance and grievance appeal, he names no Defendants as responsible for the alleged due process violations.

With regard to his attack by inmate Hall, Plaintiff alleges that Defendant Morris knew that Plaintiff had previously asked to be moved from his dorm because of gang members.  Plaintiff further alleges that Morris, Danforth, and Philbin all had direct knowledge of past widespread violence by gang members, including physical assaults with long handled scrub brushes, and failed to take any corrective actions.  Additionally, Plaintiff complains that the named Defendants failed to adequately investigate the assault and intentionally refused to discipline inmate Hall.  Plaintiff further appears to complain that Defendants Kelly, Foster, and Singleton violated Standard

Operating Procedure ("SOP") in reporting the incident and that Singleton further violated SOPs in failing to place inmate Hall in administrative segregation.

Plaintiff's extensive sought relief includes expungement of the disciplinary conviction and damages.

## III.  DISCUSSION

### A.  Dismissed Claims and Defendants

Plaintiff's claims that Defendants Kelly, Foster, and Singleton failed to properly investigate and report Plaintiff's assault by inmate Hall are insufficient to state a claim for which relief may be granted.  Plaintiff's mere summary allegation that the Defendants' conduct violated Georgia prison regulations is without merit.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970) (emphasizing that a section 1983 plaintiff must prove the defendant deprived him of a right secured by the Constitution or laws of the United States); *Knight v. Jacobson*, 300 F.3d 1272, 1276 (11th Cir. 2002) ("While the violation of state law may (or may not) give rise to a state tort claim, it is not enough by itself to support a claim under § 1983.").  Similarly, Plaintiff has no judicially cognizable interest in the prosecution or discipline of inmate Hall.  *Woody v. Cronic*, 401 F. App'x 509, 512 (11th Cir. 2010) (citing *Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1982)).  *See also Rodriguez v. Kell*, 2011 WL 3268624 at *2 (D. Mass. July 28, 2011) ("[A]ny failure to investigate or discipline those who perpetrated the alleged attack does not constitute the direct participation necessary to find liability under 42 U.S.C. § 1983, absent any allegation that this failure led to additional injury.").

In light of the foregoing, it is hereby **RECOMMENDED** that the above claims and above 3 Defendants be **DISMISSED** from this action.

Plaintiff's allegations that Defendants Danforth and Philbin denied his grievance and grievance appeal likewise fail to state a cognizable constitutional claim under section 1983. *See Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) ("[A]n inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure."); *O'Connor v. Carnahan*, 2011 WL 1326446 *4 (N.D. Fla. Apr. 6, 2011) ("Prison officials . . . whose only roles involved the denial of administrative grievances or the failure to act, are not liable under § 1983."). In light of the above, it is **RECOMMENDED** that Plaintiff's grievance claims be **DISMISSED**. As noted below, Plaintiff's failure-to-protect claim against Danforth and Philbin is not dismissed at this juncture.

Finally, because Plaintiff names no responsible defendants for the alleged due process violations in connection with his disciplinary proceeding, it is **RECOMMENDED** that such claims be **DISMISSED WITHOUT PREJUDICE**.[2]

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file written objections to the above recommendations with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### B.  Remaining Claims and Defendants

Construing Plaintiff's allegations liberally in his favor, Plaintiff's claims against Defendant Henderson for placing Plaintiff in the hole in contravention of his physician's orders and Plaintiff's failure-to-protect claim against Defendants Morris, Danforth, and Philbin, shall be allowed to go

---

[2] Dismissal without prejudice is appropriate when a more carefully drafted *pro se* complaint might state a claim. *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. Apr. 29, 2010).

forward.

In light of the foregoing, it is hereby **ORDERED** that service be made on Defendants Henderson, Morris, Danforth, and Philbin, and that they file an Answer or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, 28 U.S.C. § 1915, and the ***Prison Litigation Reform Act***.  Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is

represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

<b><u>DISCOVERY</u></b>

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff.  The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.  The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the

court.  This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's  answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

<u>**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**</u>

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

<u>**DIRECTIONS TO CUSTODIAN OF PLAINTIFF**</u>

9

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the ***Prison Litigation Reform Act***, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the ***Prison Litigation Reform Act***, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the ***Prison Litigation Reform Act***. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments.  In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

10

**SO ORDERED AND RECOMMENDED**, this 2nd day of March, 2012.


*s/THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

cr