IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| DONALD FRANK SMITH, | : |
| Plaintiff, | : |
| VS. | :   7:12-CV-23 (HL) |
| WILLIAM C. DANFORTH, *et al.*, | : |
| Defendants. | : |

**RECOMMENDATION**

Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. § 1983 on June 23, 2011. (Doc. 1).   Presently pending in this action is Defendants' Motion to Dismiss.   (Doc. 17).

**Background**

Plaintiff alleges that on November 27, 2010, while housed at Valdosta State Prison (hereinafter ΑVSP≅, he was attacked by fellow inmate, Steve Hall, with a long-handled scrub brush. (Doc. 1).   Plaintiff states that the attack resulted in an eight-inch gash in Plaintiff's head. Plaintiff maintains that after the assault, Defendants Officer Howard Kelly and Lieutenant S. Foster conducted a "short investigation", took Plaintiff to the VSP infirmary, and Plaintiff was then transported to a hospital where he received a "large amount of stiches".   Upon Plaintiff's return from the hospital, Defendant Sergeant Henderson allegedly ignored the advice of the hospital doctor that Plaintiff should be placed under supervision in the VSP infirmary, and instead, placed Plaintiff in the "hole", with the intent to cause him pain and suffering.   While in the hole, Plaintiff maintains that he suffered extreme physical and mental pain, including blackouts and dizziness.

Plaintiff alleges that Defendant Unit Manager Tony Morris was aware that Plaintiff had asked to be moved out of his dorm because of gang members. Further, Plaintiff claims that Defendants Morris, Warden William Danforth, and Deputy Warden Ted Philbin had direct knowledge of past widespread violence by gang members, including physical assaults with long handled scrub brushes, yet failed to take any action.

On March 2, 2012, Plaintiff was granted leave to proceed *in forma pauperis* (hereinafter "IFP"). (Doc. 9). Defendants filed a Motion to Dismiss on June 26, 2012, claiming, among other things, that Plaintiff's Complaint should be dismissed under the Prison Litigation Reform Act's (hereinafter "PLRA") "three strikes" provision. (Doc. 17).

**Discussion**

A prisoner may be ineligible to proceed IFP if he has filed three or more previous actions or appeals that were dismissed based on the grounds of frivolousness, maliciousness, or failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(g). The Eleventh Circuit has determined that dismissals without prejudice for failure to exhaust administrative remedies and dismissals for abuse of judicial process are also properly counted as strikes. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998); *Allen v. Clark*, 266 Fed. Appx. 815, 817 (11th Cir. 2008); *Sallen v. Valdosta State Prison*, 2008 WL 345614 (M.D. Ga. 2008). However, a prisoner may proceed IFP, regardless of the number of strikes, if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Defendants assert that Plaintiff incurred three strikes prior to the filing of this action, and therefore cannot proceed IFP. Defendants maintain that the following cases are strikes under section 1915(g): *Smith v. Nix, Jr.*, Civil Action No. 1:05-CV-2003-RLV (N.D. Ga. Aug. 16, 2005)

(dismissed for failure to state a claim); *Smith v. Sizzer*, Civil Action No. 1:07-CV-2201-CC (N.D. Ga. Sept. 7, 2007) (dismissed for failure to state a claim); and *Smith v. Donald*, Civil Action No. 1:08-CV-1234-CC (N.D. Ga. May 1, 2008) (dismissed as frivolous). (Docs. 17-2, 17-5, 17-7).  In Plaintiff=s responses to the Motion to Dismiss, he does not appear to dispute that he has two strikes or that all of the above cases are strikes. (Docs. 20, 22).   Instead, Plaintiff maintains that he did not file *Smith v. Nix, Jr.*, Civil Action No. 1:05-CV-2003-RLV, and thus, he does not have "three strikes".   (*Id.*).

*Smith v. Nix, Jr.* was filed by Donald F. Smith, EF Number 523462. (Doc. 17-1, p. 16). Plaintiff maintains that his EF Number is 649191, and therefore, "Defendants have misconstrued him to be" the plaintiff who filed *Smith v. Nix, Jr.* (Docs. 20, 22).   Defendants have submitted the affidavit of Carol Adeyeye, the Court Liaison Officer for Georgia.   (Doc. 17-3).   Ms. Adeyeye testified that Donald Frank Smith, GDC Number 790182, has previously been identified by Parole Case Number 523462.   (Doc. 17-3, Adeyeye Affidavit, ¶ 4).   "The Parole Case Number 523462 previously used to identify inmate Donald Frank Smith was an EF number[.]"   (*Id.* at ¶ 5).   "In approximately 2003, the GDC began switching from use of EF numbers to using GDC numbers to identify inmates; the official change occurred in 2008."   (*Id.* at ¶ 6).   "[T]he relevant GDC records indicate[ ] that inmate Donald Frank Smith, GDC Number 790182, is one and the same as the inmate identified as Donald Frank Smith, EF Number 523462." (*Id.* at ¶ 7).

When filing his Complaint, Plaintiff declared under penalty of perjury that he is "Donald Frank Smith/790182". (Doc. 1).   Furthermore, the Georgia Department of Corrections Offender Search indicates that EF Number 523462 is assigned to Donald Frank Smith, GDC ID 790182. The evidence shows that Plaintiff is identified by both EF 523462 and GDC ID 790182.   As such,

the evidence shows that Plaintiff did file *Smith v. Nix, Jr*, which counts as a strike. Plaintiff has therefore reached his "three strikes" limit.

Plaintiff may overcome his strikes and proceed with the action if Plaintiff is "under imminent danger of serious physical injury" at the time the action was filed. 28 U.S.C. § 1915(g); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). "[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." *Id.* "[A] prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as a basis for the complaint." *Jackson v. Brown*, 2010 WL 55316 (S.D. Ga. 2010). There must be specific allegations that a prisoner is facing a current and on-going threat of imminent danger of serious physical harm. *See Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) (finding imminent danger when plaintiff alleged that the defendants' failed to provide him with continuing medical treatment for his HIV and hepatitis).

Herein, Plaintiff does not assert that he is currently in imminent danger; rather, Plaintiff alleges that Defendants failed to protect him in the past and were deliberately indifferent to a serious medical need and, as a result, he was harmed. Plaintiff attempts to assert that he is under imminent danger because he was attacked again at Autry State Prison, where he is now being housed. (Doc. 20). Plaintiff contends that because the attacks were not investigated, he is "under imminent danger of serious physical harm". The Court notes, however, that Plaintiff's claim for failure to properly investigate was dismissed. (Docs. 9, 15).

If Plaintiff is now attempting to allege that he is under imminent danger because he may be attacked again, he has not alleged "imminent danger". For purposes of the imminent danger

analysis, it is insufficient for a plaintiff to allege that something could happen in the future. *See e.g. Brown*, 387 F.3d at 1350; *Skillern v Paul*, 202 Fed. Appx. 343, 344 (11th Cir. 2006) (prisoner alleging that a denial of medication may result in future harm was too vague to satisfy the § 1915(g) exception); *Skillern v. Mental Health Personal*, 2011 WL 1628022, *2 (S.D. Ga. 2011) (plaintiff did not sufficiently allege imminent danger when he stated that he is afraid of being hurt in the future).  Plaintiff=s attempts to allege that he is in imminent danger because he could be assaulted again fail.  The allegation that Plaintiff is facing a threat of imminent serious physical injury is too vague, and appears to be only an attempt to avoid dismissal of his suit.

Plaintiff's Complaint alleges events that took place at Valdosta State Prison; however, Plaintiff has been transferred to a different institution.  (Doc. 3).  Threats of imminent danger relating to a specific institution or specific employees at the institution cease when the plaintiff is transferred to another facility.  *See e.g. Whigham v. Eve*, 2008 WL 2694788 (N.D. Fla. 2008) (any threat of imminent danger ceased when plaintiff was transferred to another institution); *Young v. Sisneroz*, 2003 WL 22159059 (N.D. Cal. 2003) (finding no imminent danger for Aan action for damages for past wrongdoing at a jail in which the plaintiff [was] no longer detained@.  None of the Defendants in this case are employed where Plaintiff is currently incarcerated.  Accordingly, Plaintiff is not under imminent danger of physical injury.

The Complaint alleges that Plaintiff was harmed in the past by Defendants= failure to protect him and for deliberate indifference to a serious medical need.  Plaintiff has not alleged that, at the time he filed this lawsuit, he was facing imminent danger of a serious physical injury.  As Plaintiff has reached his three strikes limitation and does not qualify under the imminent danger exception, Plaintiff cannot proceed with this action IFP.

After a prisoner has filed his third meritless suit, he may still proceed with his claim, but must pay the full filing fee at the initiation of the suit. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). This action should be **DISMISSED** without prejudice so that the Plaintiff can re-file, paying filing fees at the outset of the lawsuit. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Accordingly, it is the recommendation of the undersigned that Defendants' Motion to Dismiss be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 11th day of October, 2012.

                                                s/ ***THOMAS Q. LANGSTAFF***
                                                UNITED STATES MAGISTRATE JUDGE

llf