IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| DONALD FRANK SMITH,<br><br>     Plaintiff,<br><br>     v.<br><br>DEPARTMENT OF CORRECTIONS VALDOSTA STATE PRIOSN, *et al.*,<br><br>     Defendants. | Civil Action No. 7:12-cv-23 (HL) |

ORDER

Before the Court are three Motions filed by Plaintiff Donald Frank Smith: (1) Motion for Relief from Judgment under 60(b) (Doc. 30); (2) Motion to Strike Defendants Motion to Dismiss and Reply Thereto (Doc. 31); and (3) Motion for Leave to Amend Original Complaint (Doc. 32). These Motions have been filed by Plaintiff after the entry of judgment in this case. The Motions are denied for the following reasons.

I.   **Motion for Relief under Rule 60(b)**

Rule 60(b) provides grounds for relief from a final judgment, order, or proceeding. Henderson, 2011 WL 4375036, at *1. To earn relief from judgment under Rule 60(b), the moving party must show that absent reopening the judgment, "extreme" and "unexpected" hardship will result. United States v. Swift & Co., 286 U.S. 106, 119, 52 S.Ct. 6460 (1932). The justification for granting relief must be "so compelling that the court [is] 'required' to vacate its order."

Montero v. Potter, 174 Fed. Appx. 489, 490 (11th Cir. 2006) (citing Rice v. Ford Motor Co., 88 F.3d 914, 919 (11th Cir. 1996)).

In this case, Plaintiff claims that the judgment should be reopened because Defendants' Motion to Dismiss was untimely, the court improperly dismissed some defendants on a Section 1915 review, and he did not have a "reasonable time to respond" to the Magistrate Judge's Report and Recommendation. (Doc. 30.) All of Plaintiff's arguments are flawed. First, Defendants' Motion to Dismiss was filed within sixty days after they were served, which is within the permissible time frame under the Federal Rules. *See* Fed. R. Civ. P. 12(a)(1)(A)(ii) (noting that a defendant must serve an answer or responsive pleading within 60 days if he has waived service). Second, Plaintiff has not provided the Court with any reason to overturn the Court's decision to dismiss Defendants Kelly, Foster, and Singleton based on a Section 1915 review. Plaintiff's bald assertion is insufficient to justify reopening the judgment. Finally, Plaintiff has been notified and informed of all proceedings throughout the case. There is no evidence that he lacked a reasonable time to respond to any of the filings.

In sum, Plaintiff has not presented the Court with sufficient evidence to reopen the judgment in this case under Rule 60(b). The type of relief Plaintiff seeks is extraordinary, and Plaintiff has simply not met the standard required for this type of relief.

2

## II.     MOTION TO STRIKE

A Motion to Strike, authorized by Rule 12(f), allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In his Motion to Strike (Doc. 31), Plaintiff argues that Defendants' Motion to Dismiss should be struck based on his denial that he failed to properly exhaust his administrative remedies. He further alleges that Defendants and defense counsel have undermined due process and that their defense is "frivolous."

Plaintiff's Motion misses the mark. A motion to strike is not the proper vehicle to provide the relief that Plaintiff seeks. Even if it were, Plaintiff's Motion is premised on his argument that he fully exhausted his administrative remedies. This issue is irrelevant because Plaintiff's Motion was dismissed because Plaintiff has three strikes. Thus, Plaintiff has not presented an argument that supports granting his Motion to Strike. Thus, his Motion is denied.

## III.    Motion to Amend

In his Motion to Amend, Plaintiff asks the Court for leave to amend his complaint pursuant to Rule 15(a). However, this request is improper because "… Rule 15(a), by its plain language, governs amendment of pleadings *before* judgment is entered; it has no application *after* judgment is entered." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (emphasis in original). Final judgment was entered in this case on November 6, 2012, and therefore, Plaintiff is unable to seek relief under Rule 15(a).

For the reasons stated above, Plaintiff's Motion for Relief under Rule 60, Plaintiff's Motion to Strike, and Plaintiff's Motion to Amend are all denied.

**SO ORDERED**, this 18th day of January, 2013.

                                        ***s/ Hugh Lawson***
                                        HUGH LAWSON, SENIOR JUDGE

ebr